OPINION
Defendant-appellant, Ryan Webber, appeals his conviction in the Hamilton Municipal Court for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).
On December 12, 1996, at approximately 3:07 a.m., Webber crashed his truck into a parked car on "B" Street in Hamilton, Ohio. Officer Richard Miller of the Hamilton City Police Department was called to the scene of the accident. Upon questioning Webber, Officer Miller detected an odor of alcohol and observed that Webber's eyes were bloodshot and his speech was somewhat slurred. As a result, Officer Miller asked Webber to perform a field sobriety test, the horizontal gaze nystagmus ("HGN") test.
After Webber failed the HGN test, he refused to perform any other field sobriety tests. Officer Miller then placed Webber under arrest for operating a motor vehicle under the influence of alcohol. Weber was taken to the police department where he refused to take a breath test.
A bench trial was conducted on January 30, 1997. At the close of the evidence, Webber was convicted of driving under the influence of alcohol and sentenced accordingly. Webber timely appeals and presents two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT, WHEN POLICE WERE PERMITTED TO TESTIFY, OVER OBJECTION, REGARDING EYE GAZE NYSTAGMUS RESULTS IN AN IMPAIRMENT CASE.
Assignment of Error No. 2:
 THIS CAUSE SHOULD BE REVERSED AND DISMISSED, OR AT THE LEAST A NEW TRIAL ORDERED, DUE THE TAINT ATTACHED TO THE PROCESS BY POLICE THREATENING DEFENSE WITNESSES IN THE HALLWAY.
In his first assignment of error, Weber argues that the trial court erred by allowing Officer Miller to testify regarding the results of Webber's HGN test. Webber argues that expert testimony was required in order to establish that a failed HGN test is relevant to a determination of whether a person is driving under the influence of alcohol.
In State v. Bresson (1990), 51 Ohio St.3d 123, the Ohio Supreme Court held that expert testimony regarding the reliability and acceptance of HGN tests is not required to in order to admit results of an HGN test into evidence. See, also, State v. Taggart (June 2, 1997), Butler App. No. CA 96-09-175, unreported. In Bresson, syllabus, the Supreme Court held as follows:
 [A] properly qualified [police] officer may testify at trial regarding a driver's performance on the HGN test as to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol. * * *
Thus, "test results are admissible upon a showing as to `the officer's training and ability to administer the test and as to the actual technique used by the officer * * *.'" Taggart at 7, quoting Bresson at 128.
In the present case, Officer Miller testified that he was trained and certified to conduct a HGN test by the Ohio State Highway Patrol in approximately 1985. Officer Miller further testified as to the technique he used to conduct Webber's HGN test. Accordingly, the trial court property admitted evidence relating to the results of Webber's HGN test and Webber's first assignment of error is overruled.
In his second assignment of error, Weber argues that he is entitled to a new trial because two defense witnesses were "threatened" in an attempt to influence their testimony. Crim.R. 33 states in pertinent part:
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state.
Jason Haney and Jason Childers were passengers in Webber's truck when Webber crashed into the parked car. Haney testified that Webber had driven him to several bars on the evening of December 11, 1996. Haney further testified that he was unable to recall many of the events during the evening due to his own intoxication. Thus, Haney was not able to testify as to how much alcohol Webber had consumed during the evening.
Childers testified that Webber and Haney came to his house between 12:00 and 2:00 a.m. on December 12, 1996. Childers testified that he did not recall Webber consuming any alcohol at his house but was not aware if Webber consumed alcohol before arriving. Childers further testified that Webber was driving he and Haney to purchase food when Webber crashed into the parked car.
Upon cross-examination, Haney and Childers testified that police officers had spoken to them on the day of Webber's trial shortly before they testified. Haney and Childers both testified that the officers informed them that they would be charged with perjury if they lied.
Webber claims that the officers "intimidated" Haney and Childers to influence their testimony. However, Haney and Childers only testified that the police officers warned them about lying, and Webber does not explain how their testimony was influenced. See State v. Waddy (1992), 63 Ohio St.3d 424. Haney testified that he did not know if the police officers were trying to intimidate him and there is no indication in the record that his testimony was actually influenced by the conversation. Likewise, Childers stated that he was testifying truthfully and there is no indication in the record that his testimony was actually influenced by the conversation. Therefore, Webber failed to show that his substantial rights were affected by the conversation that the police officers had with Haney and Childers. See State v. Tichon (1995), 102 Ohio App.3d 758. Accordingly, Webber has not shown that he is entitled to a new trial and his second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.